## WILSON & BENNETT MFG. CO. v. NIEDRINGHAUS, Inc.

Circuit Court of Appeals, Eighth Circuit.
October 22, 1928.

No. 8036.

Glenn S. Noble, of Chicago, Ill. (Howard G. Cook, of St. Louis, Mo., on the brief), for appellant.

Paul Bakewell, of St. Louis, Mo., for appellee.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This is a suit for infringement of the rights claimed under letters patent No. 1,270,758 for improvement on cans. The answer denied the validity of the claim for the patent in issue and also denied infringement. There was pleaded a counterclaim which was stricken out concerning which no question is raised.

The trial court did not pass upon the validity of the claims of the patent in issue, but entered a decree denying infringement, from which plaintiff below appeals.

The patent contains two claims. The second is typical, and reads as follows:

"2. A can comprising a body portion having an integrally formed folded flange adjacent to the top, the upper surface of said flange being at substantially right angles to the walls of the can, the upper edge of the body portion being provided with a plurality of projections, a gasket engaging with said flange, a cover having openings for receiving said projections, said cover having an inwardly extending annular portion engaging with said gasket, said projections being arranged to be bent to hold the cover in position with the gasket compressed between the cover and cover."

The principal elements of the claims are: (1) A folded flange in the can itself near the top part having its upper surface flat and substantially at right angles to the side of the can; (2) a cover having an inwardly extending flange parallel with the flange on the body of the can; (3) means for holding the cover on; (4) a gasket between the two flanges.

The first claim differs mainly in not providing the cover with openings for receiving the projections on the can. It thus appears the folded flange of the can is common to both claims and is an essential feature thereof. This is further shown by the file wrapper. Solicitors for the patentee, in response to the action of the examiner in rejecting the application, said, "particular attention is also called to the construction of the folded flange, this being an arrangement which is not present in any of the references, and is a novel feature in can construction." As a matter of fact, the folded flange was old in the art at the time and is found in the Norton patent, No. 338,767, and the Johnson patent, No. 174,821. As the application for the patent limited its claims to a folded flange, it became an essential element of its claims and cannot be disregarded. See I. T. S. Co. v. Essex Co., 272 U. S. 439, 47 S. Ct. 136, 71 L. Ed. 335; Automatic Appliance Co. v. McNiece Motor Co. (C. C. A.) 20 F.(2d) 578; Knick v. Bowes "Seal Fast" Corp. (C. C. A.) 25 F.(2d) 442.

The device of defendant alleged to infringe does not have a folded flange but a roll flange, and in this respect is similar to the Bradshaw patent, No. 985,106, and the Browne patent, No. 194,616, which clearly shows it does not infringe the claims of the

plaintiff's patent. Again, defendant in its alleged infringing device does not show a cover with slots to receive projections from the top of the can as found in claim 2 of plaintiff's patent.

As the claims of the patent relied upon by plaintiff are extremely narrow, and the art crowded, plaintiff must be held to a strict construction of the language employed in the claims of the patent. See Knick v. Bowes, "Seal Fast" Corp., supra.

So holding, there was no infringement, and the decree must be, and is, affirmed.